### MURPHY v. B. MUTTI, Inc., et al.
### No. 16775.

Court of Appeal of Louisiana. Orleans.
March 24, 1939.

Writ of Certiorari Denied May 29, 1939.

T. Semmes Walmsley and Maurice R. Woulfe, both of New Orleans (Drew L. Smith, of New Orleans, of counsel), for appellant.

Eraste Vidrine and James G. Schillin, both of New Orleans, for appellee.

JANVIER, Judge.

We granted a rehearing because of our fear that possibly we erred in concluding that the claimant was justified in leaving the hospital and in refusing to submit to the operation which was scheduled for the following day, and because, also, of the possibility that we might have erred in not concluding that the claimant could, with reasonable safety, submit to the operation at this time. While there may be ground for the charge that, when the claimant left the hospital, he did so arbitrarily and without any proper reason other than his refusal to submit to the operation to which he had already consented, still we feel that there is a preponderance of evidence to the contrary and that, when he deserted the hospital, he was impelled to do so by an illness with which he at that time was suffering and that, even had he remained, he should not, in his then condition, have been required to submit.

Nor have we changed our view that he should not now be required to undergo the operation. While it is true that the doctrine is established that a disabled employee, whose disability will with almost complete certainty be removed by an operation which may be performed with practical certainty of success and with almost no danger, should submit to the operation, the cases in which an operation has been required—if there are any—are so few as to lead to the conclusion that, while the academic principle is recognized, the practical application thereof is rare indeed.

We conclude that, in his present condition, plaintiff should not be required to submit.

For these reasons and for the reasons contained in our original opinion, it is ordered, adjudged and decreed that our original decree be and it is reinstated, defendant to pay all costs.

Original decree reinstated.